Wilson, J.,
delivered the opinion of the court.
This was a proceeding in equity to rescind a sale of real estate, and cancel a deed. The complaint alleges that plaintiff, a widow, was the owner of a tract of land situated in Arapahoe county; that -being desirous of selling it, she employed the defendant Webb as her agent therein and listed the property with him; that plaintiff was unacquainted with the value of the land, and was induced by the statements of said defendant to believe that it was not worth more than the sum of $800, whereas hi truth the value was a far greater sum; that relying upon such representations as to value, and upon the statement of said defendant that he had secured a purchaser therefor, she was prevailed upon to execute a deed conveying the land to defendant Rogers, the actual consideration therefor being $800, although that expressed in the deed was $2,000. That within a few days thereafter, she discovered that defendant Rogers was the mother-in-law of defendant Webb, and a member of his household, and that hi fact the purchase had -been made for the use and benefit of *431 defendant Webb; that defendant'Rogers held the legal title for him, and that plaintiff had been grossly deceived as to the value of the land; that thereupon she demanded the re-conveyance of the property to herself, offering to repay the amount of money paid to her, and return the note and deed of trust given for the deferred payment. This beiiig refused, she instituted this suit, praying a decree that the deed be delivered up and canceled, and that defendant Rogers be required to reeonvey said premises to her. Upon hearing to the court, a decree was rendered in behalf of plaintiff as prayed for, and the defendants appealed.
The propositions of law involved in and applicable to this cause are well settled, and in fact are not seriously in contest between the parties. The rights, duties, liabilities and disabilities of agents have been so plainly laid down and firmly established by a long line of uniform decisions from every court of appellate jurisdiction in the United States that the law in reference thereto has become elementary, and no citation of authorities is necessary. If the allegations in the complaint were true, then the acts of defendant Webb constituted a fraud, constructively at least, in whatever aspect they may be viewed, and the plaintiff had a right at her election to rescind the sale. And this would be true even though it was not shown that she had suffered actual injury. If the averment as to misrepresentations of value were sustained, then there was actual fraud and resulting injury which vitiated the whole transaction.
Defendants raise some question as to the burden of proof, affirming the elementary principle that where fraud is alleged the burden is on the party alleging it to prove it by a fair preponderance of the evidence. This is true ordinarily, but in a case like that at bar, when the agency is established and the interest of the agent in the purchase shown, or facts and circumstances proven such as to create the legal inference that he was interested, the burden is on the agent to show affirmatively that he acted in good faith, fairly and honestly. Rubidoex v. Parks, 48 Cal. 215; Alwood v. Mansfield et al., *432 59 Ill. 497. In this case the testimony on behalf of plaintiff as to the employment of defendant Webb as her agent, Ms action in that capacity, his representations as to value, the circumstances attending the execution of the deed, and the conveyance of the legal title to a member of his household without disclosing to the grantor his relationsliip to the grantee, and his action as agent for the grantee as well as for the grantor, were sufficient to impose upon him this burden of proof.
It is conceded that the controlling matters involved in this controversy are those of fact. This being true, the case comes within the rule that this court will not review the findings of the trial court where there is conflict in the evidence, except when the findings and judgment are manifestly against the weight of the evidence. The exception does not exist in this instance. There was ample evidence to sustain the findings and the decree, and they will not be disturbed on this account.
Defendants predicate error in several instances upon the refusal of the court to permit witnesses to answer certain questions, and upon its allowance of answers to other questions over the objections of defendants. An examination of the record shows that these objections are without weight. The testimony admitted over objection, even if inadmissible, did not prejudice the defendants. It was largely immaterial, and would not have affected the findings even if it had been wholly rejected. Error is assigned in two instances on the refusal of the court to permit a witness of plaintiff to answer two interrogatories propounded by defendants on cross-examination. The court did not err. The questions 'were immaterial, and sought to bring out testimony which had no bearing upon the issue. Where trial is had to the court, even if improper testimony is admitted, there being sufficient competent evidence to support the decree, it would not be reversible error, as in a trial by jury. The judge who hears the testimony is the same who passes upon its admissibility, and it is presumed that in arriving at his findings, he dis *433 cards and disregards all evidence which, is not admissible, and bases his findings and decree solely upon that which is proper testimony.
Being unable to discover any error of the trial court, the decree will be affirmed.

Affirmed.