[Civ. No. 446. Second Appellate District.—January 13, 1908.]

## WILLIAM M. MABRY, Respondent, v. M. RANDOLPH, W. T. MICHAELS et al., Appellants.

Fraud in Procuring Exchange of Property—Agency—Averments of Complaint—Trial of Issue—Objection upon Appeal.—Where a complaint in an action to compel restitution of property, an exchange of which was procured by fraud, contains numerous recitals as to the relation of principal and agent between plaintiff and defendants appealing, and their answer denied the agency, and trial was had upon that issue, the finding upon which was for the plaintiff, the appellants cannot object upon appeal that the complaint did not tender a sufficient issue upon the fact of agency.

Id.—Purchase of Property by Fraud of Agents, and Sale at Advanced Price.—The law prohibits agents from purchasing property at the rate fixed by the owner and selling it to the principal at an advance price, where the facts are concealed from the principal.

Id.—Reliance of Plaintiff upon Truth of False Representations—Sufficiency of Averment.—Where the complaint alleged that the plaintiff relied upon the good faith and representations of defendants as to the price and value of the property exchanged for his own, when he deeded his property in exchange therefor to one of them, who was the mere tool of the others, such averment of reliance necessarily implies a belief in the truth of the representations made by the defendants, and is sufficient.

Id.—Sufficiency of Proof.—*Held*, that the acts of fraud alleged in the complaint were clearly and fully proved by evidence from which

only one inference can be drawn, establishing the relation of principal and agent, and a fraudulent combination and conspiracy of the agents with other defendants to defraud the plaintiff as principal, and that nothing is wanting to prove the grossest fraud and conspiracy, the evidences of which are overwhelming.

ID.—MOTION FOR NONSUIT—SUFFICIENCY OF NOTICE OF RESCISSION.—A motion for a nonsuit for want of a sufficient notice of rescission before suit was properly denied in view of the facts proved in the case, which included proof or demand by the plaintiff of the restitution of his property before suit, together with an offer to redeed the property exchanged therefor, together with its rental value.

ID.—RESCISSION NOT AN EXCLUSIVE REMEDY.—Rescission is not an exclusive remedy in cases of the character alleged in the complaint. Where a trustee obtains the property of his beneficiary by fraud, a court of equity may decree a reconveyance upon appropriate terms, without any previous offer of rescission by the party defrauded.

ID.—ESTOPPEL OF APPELLANTS TO COMPLAIN OF LACHES IN DISCOVERY OF CONCEALED FRAUD.—It does not lie in the mouth of the appellants to complain of the want of promptness of plaintiff in discovering the fraud and proceeding to rescind, owing to their concealment in violation of their duty to him and his interests, which prevented him from knowing the actual conditions at the time of the transaction. Equity rewards the diligent; but this rule has no application to the diligent in concealment and deceit.

ID.—EVIDENCE OF EXPERTS—QUALIFICATION—VALUE OF PLAINTIFF'S PROPERTY—DISCRETION.—The qualification of experts to testify as to their opinion of the value of an orange grove, the property of the plaintiff which was the subject of exchange, was largely within the discretion of the trial court, and where no abuse of its discretion appears, its admission of such testimony will not be disturbed.

ID.—EVIDENCE—PRICES OF PROPERTY AT TIME OF CONTRACT FOR EXCHANGE—REMOVAL OF SIGNS.—Testimony was admissible within the issues to show the prices at which each property which was the subject of exchange was listed by plaintiff, and by the owner of the property to be exchanged at the time of the contract for exchange, and to show that the signs of the owner of the property purchased through plaintiff's agents were removed therefrom before the exchange was effected.

ID.—UNPREJUDICIAL RULINGS.—Rulings as to the rejection of evidence, whether proper or not, which were immaterial and without prejudice to the appellants, cannot be ground for reversal.

ID.—VALUE OF PROPERTY FRAUDULENTLY PURCHASED IMMATERIAL.—The exclusion of evidence as to the value of the property fraudulently purchased is immaterial. It being established that those

who effected the purchase were the agents and trustees of the plaintiff, and that they acquired the property during the existence of the fiduciary relation at a sum less than one-half of that which they represented to the plaintiff they had paid, the judgment of the court must be sustained, whatever the value of the property.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, and H. H. Appel, for Appellants.

James P. Clark, and M. M. Meyers, for Respondent.

TAGGART, J.—A suit in equity to compel restoration of property procured by fraud. The appeal is from the judgment.

The facts relied upon for recovery, and substantially as alleged in the complaint, are as follows: On June 2, 1905, plaintiff was the owner of an orange grove situated near the town of San Dimas of the value of $7,500, and against which there subsisted a mortgage of $2,500. The defendant Michaels, with whom the property was listed for exchange, on that day represented to plaintiff that the Maxon Realty Company could effect an advantageous exchange of the grove for other property, and thereby induced plaintiff to go to the office of that company, where he met one of the Maxon brothers, who constituted the company, and the defendant Bell, who he was told, by Maxon, was associated in business with them. The Maxon Realty company engaged to act for plaintiff and to procure an exchange of his orange grove for a house and lot in the city of Los Angeles, a written authority for which purpose was given to the Maxon Realty Company and the commissions for their services in this behalf fixed at $125. The same day plaintiff was taken by Bell to see the house, from which, in pursuance of the scheme of appellants to cheat and defraud plaintiff, all signs and marks that would indicate its ownership had been removed, and it was represented to him by Bell and one of the Maxons that the owner thereof held the property for sale at $8,500, and would not sell for less, and that this was the reasonable value of it. It was also represented to him that the property was encumbered by a mortgage for

$3,500. The truth was, and it was well known to appellants, that the owners thereof, Winstanley by name, were offering the property for sale at $4,000, and it was mortgaged for $1,800 and no more. Plaintiff went to San Francisco that afternoon, leaving the matter, including the examination of title, in the hands of the Maxon Realty Company, as his agents, to be closed up. On the following day, appellants, acting through Bell, purchased the Winstanley property from the owners thereof, taking title to the property in the name of the defendant Randolph (who permitted her name to be used for a nominal consideration), and gave as a consideration therefor the sum of $3,800; the purchase price being made up of a small sum in cash, two notes of $850 secured by a second mortgage on the property, and the original $1,800 mortgage standing against the Winstanleys. On the 5th of June, plaintiff wrote the Maxon Realty Company not to make the exchange and attempted to recall the authority given to that company. He was informed that the agreement for the exchange had already been made, when in fact it was not made until after his letter was received. On June 14, 1905, relying on the good faith of his said agents and their representations that he was legally bound to carry out the transaction and as to the value at which the owners of the house and lot held the said property, he made a deed of the orange grove to the defendant Randolph and accepted a deed from her of the house and lot, and paid appellants the commission for making the exchange. During all this time the names of the real owners were concealed from plaintiff and his inquiries as to their names unanswered or evaded; and during said time plaintiff was unacquainted with the value of property in the portion of Los Angeles city where this house was located, and appellants knew this and knew that plaintiff relied entirely upon their judgment as to such value. On August 12, 1905, defendant Randolph, at the direction of the other appellants, negotiated a loan of $3,200 on said orange grove, paid off the mortgage for $2,500 theretofore subsisting on the property and appropriated the residue. On August 26th, plaintiff having learned that appellants were negotiating a sale of the orange grove to the defendant Thomas, and having discovered the fraud practiced upon him in the exchange, notified Thomas in writing of his ownership of the property and that he intended to have the exchange set aside on account of the fraud. On August 29th

he notified the defendant Randolph of his intention in writing and demanded a restoration of his property, at the same time offering to reconvey the house and lot and tendering a deed and $60 in money as rent for the use of the property from June 14th. On the following day the orange grove was conveyed to Thomas, and on September 2, 1905, this action was commenced. The rights of defendant Thomas, Title Insurance and Trust Company, and Rainey were protected by the judgment, and they do not join in the appeal.

It is contended by appellants that the complaint is defective upon two theories: (1) That there is no direct allegation that appellants or any of them were the agents of the plaintiff in said transactions so as to create a relation of confidence between them and obligate them as trustees; and (2) That there is an absence of averment of the belief by plaintiff of the representations alleged to have been made to him by the defendants, thus failing to state a cause of action on the ground of false and fraudulent representations.

In respect to the first matter, it appears from the record that the answer expressly denies such an agency, that evidence was introduced by plaintiff at the trial to support the theory of agency, that defendants introduced evidence to rebut it, that no objection to the evidence upon this ground was interposed by either party, that such an issue was fully tried and findings made thereon by the court. If the complaint were without allegation in this respect the judgment would not be reversed by an appellate court on this ground, the issue having been already tried in good faith and without objection upon the pleadings before the court. But the complaint is not entirely lacking in this respect. It contains numerous recitals of the relation of principal and agent between the parties and the reliance of plaintiff on defendants because of that relation. It also alleges that defendants induced the plaintiff "to enter into a writing authorizing the said Maxon Realty Company to make for plaintiff an exchange of his . . . orange grove for the . . . house and lot, and agreeing to pay to said Maxon Realty Company $125 commission for acting as agent for plaintiff in making such exchange"; and that the commission was paid by plaintiff and accepted by appellants for services in making such exchange.

The other objection to the complaint appears to be equally ill-founded. It is expressly alleged that plaintiff relied upon

the good faith and representations of defendants when he made and delivered the deed of his orange orchard to the defendant Randolph, who was the mere tool of the other appellants. A reliance upon the representations of another person in respect to any fact necessarily implies a belief in the truth of the statement thus made. (*David* v. *Moore,* 46 Or. 148, [79 Pac. 417].)

The motion for a nonsuit was properly denied. The acts of fraud alleged in the complaint were proven by evidence from which but one inference could be drawn and which fully warranted the findings made. Every case of fraud must be determined upon its own particular facts and circumstances. The relation of principal and agent between the plaintiff and the Maxon Realty Company and the combination and conspiracy between the Maxon Realty Company and the other appellants were clearly alleged and proven. The sale by Randolph to plaintiff was a sale by the Maxon Realty Company and Bell. The law prohibits an agent from purchasing property after the creation of the agency and selling it to his principal at an advance without a full disclosure to his principal of all the facts connected with his purchase. Nothing is wanting to establish a case of the grossest fraud. The attempt to convey the property after demand for a restoration shows an intent to prevent the plaintiff from obtaining redress which gives color to the whole transaction. In addition to this, it was clearly proven that an attempt was made to manufacture evidence by the alteration of the written agreement between plaintiff and the Maxon Realty Company after the plaintiff began to assert his rights. The evidences of fraud and conspiracy are overwhelming.

The other ground of the motion, that a sufficient notice of rescission was not served by plaintiff, cannot be considered in connection with the facts of this case. Rescission is not an exclusive remedy in cases of fraud of this character. Where a trustee obtains the property of his beneficiary by fraudulent means, a court of equity may direct a reconveyance of the property upon terms appropriate to the case without any previous effort at rescission by the party defrauded. (*More* v. *More,* 133 Cal. 489, [65 Pac. 1044].) We think, however, the written demand made by plaintiff here was sufficient if a notice had been prerequisite to recovery. It does not lie in the mouth of appellants to complain of the want of promptness of plain-

tiff in discovering the fraud, and proceeding to rescind, since it was their concealment in violation of their duty to him and his interests which prevented him from knowing the actual conditions at the time of the transaction.   Equity rewards the diligent, but this has no application to the diligent in conceal-ment and deceit.

The qualification of a witness to give an expert opinion as to the value of land must be left largely to the determination of the trial court.   In a community where land changes hands oftener in a twelve months than its products are marketed, and real estate values form the principal topic of conversation, a different rule must be applied from that which obtains in older and longer settled sections where the exchange of real estate is an exceptional transaction.   We cannot say that the trial court abused its discretion in allowing plaintiff and the witness Hall to testify as to the value of the orange grove, and in the absence of an abuse of discretion, the ruling of that court will not be disturbed.   (*Howland* v. *Oakland,* 110 Cal. 521, [42 Pac. 983].)

The questions asked of plaintiff as to the price at which his orange grove was listed, the removal of the signs from the Winstanley house, and his knowledge of the ownership of the property bore directly upon issues made by the pleadings. This is also true of the testimony of Winstanley in relation to the same matter, and to the price at which he was offering his place on June 2, 1905.   The notice of rescission was com-petent, was a sufficient demand for restoration of the prop-erty, and properly admitted in evidence.   While two of the questions propounded to plaintiff were open to the objection that they called for the conclusion of the witness, they were not prejudicial as the same matter was elicited by questions elsewhere which were not objected to and which called for facts.   The use of the words "what did you understand," when counsel evidently intend to inquire "what was said" or "what was done" by the parties, is a common error, but for that reason alone is not to be commended or the use en-couraged.   In the instance at bar no prejudice resulted from it.

The question addressed to the defendant George Maxon as to whether or not there was any conspiracy to defraud plain-tiff called for a conclusion which the court should make and the objection to it was properly sustained.   The inquiry as to

the value of the orange grove of the witness Nowlin called for competent testimony from a qualified witness upon an issue made by the pleadings, but its rejection was not prejudicial, as the judgment of that court rests upon a breach of trust of appellants and the amount of damage becomes immaterial. This is true, also, of the question as to the value of the Winstanley property addressed to C. C. Maxon. It being established that the Maxon Realty Company were trustees for plaintiff and that they acquired the Winstanley property during the existence of the fiduciary relation for a sum less than one-half of that which they represented to their principal they had paid, the judgment of the court would have to be sustained whatever the value of the property. It was not so much a question of value, but one of *bona fides,* and the principal was entitled to every dollar that his agents made in the transaction except the commission agreed to be paid to them. The question propounded to the defendant George Maxon, "Did you make any representations to Mr. Mabry with reference to the value of the property?" was not open to the objection that it was leading, since, as a defendant, he was entitled to have his attention directed to the charge made against him and permitted to negative it, but it was substantially answered later and no prejudice from the ruling of the court is apparent.

No prejudicial error appearing in the record, the judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.