## Schrager *v.* Cool, Appellant.

*Statute of frauds—Trusts and trustees—Resulting trust—Parol proof— Evidence—Principal and agent—Agent taking title in his own name.*

The facts, which if admitted, will give rise to an implied or resulting trust, may be proved orally; otherwise the exception of those trusts from the statute of frauds would be inoperative.

A trust will spring from the fraud practiced where one employed to negotiate for another takes advantage of the opportunity to obtain a conveyance to himself.

Where an agent to buy land uses his own money to complete the purchase, the transaction will be regarded as a loan to the principal. Nor does the fact that he pays in full out of his own funds necessarily exclude the operation of the principle.

Where an agent agrees to purchase land for his principal, but in violation of his duty takes the title in his own name, paying a part of the purchase money out of his own funds, and thereafter sells the land at a profit, the agent can only retain from the amount received by him his expenses, commissions and advances, and if he refuses to account for the balance the principal may maintain an action of assumpsit to recover it, and in such action may prove the contract by parol evidence. Such an action is not for land nor does it involve title to land and the statute of frauds does not apply; and even as against an agent the statute of frauds would not prevent a recovery.

Argued April 14, 1908. Appeal, No. 16, Jan. T., 1908, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1905, No. 1,101, on verdict for plaintiff in case of Leon Schrager v. James Cool. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit to recover a balance alleged to be due from an agent's principal.   Before FULLER, J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows:

[Now, summing it all up down to this point, gentlemen of the jury, if you believe the testimony of the plaintiff assisted by the corroborations which you believe it has received from other credible testimony in the case, you may find that substantially the contract averred in the declaration has been proven, namely, an agreement by the defendant to buy for the plaintiff these properties, borrow the necessary money, and take in compensation the sum of $150, with interest and expenses.] [1]

[Now, on the question of law.   There is what we call the statute of frauds, of which you have heard.   It is a statute which provides, in substance, so far as it bears upon this case, that contracts in relation to land must be in writing; that written title to lands, or written ownership of lands, cannot be affected or defeated, as a general legal proposition under this statute, by verbal testimony, by anything short of a writing.   That statute has not been specifically mentioned in the argument here, but as we are requested to give you certain binding instructions upon the legal aspects of the case, it is proper for me to say that the statute of frauds, the statute to which I refer, is no bar to the plaintiff's recovery in this action, if you find the contract as he has asserted it to be.] [2]

[The suit is not for land, it does not involve land, but it is for the profits made by the sale of land, derived from the sale of land which the defendant undertook, if you so find, to buy and to dispose of, and the defendant cannot avail himself of the statute of frauds, if you believe the plaintiff, for two reasons.   In the first place, if you believe that the $4,800, paid to the association in New York for this property, was derived, $100 from money advanced by the plaintiff although subsequently the balance was returned, $81.00, and that $4,700 of it was advanced or put into the transaction by the defendant under the contract or arrangement asserted by the plaintiff, there would probably be in law what is denominated a resulting trust, that is, the assignment of this sheriff's deed

to the defendant would not make him the real owner, but only make him the trustee of the legal title for the plaintiff, charged, however, as between the parties, with the amount of his advances. That is a well-recognized legal proposition to protect both parties, the defendant in his advances and the plaintiff in his real ownership of the property.] [3]

[Again, independent of any resulting trust and independent of any technical relation between the parties of trustee and cestui que trust, and whether the transaction constituted the plaintiff the technical legal or equitable owner or not, if you believe the advancing of the money by the defendant was part of an arrangement between the parties to do what was done for the benefit of the plaintiff, allowing the defendant compensation $150, and interest, and expenses, then the plaintiff, notwithstanding the statute of frauds, might be entitled to a verdict.] [4]

Verdict and judgment for plaintiff for $1,616.14. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*George H. Troutman*, with him *George J. Llewellyn* and *T. J. Chase*, for appellant, cited: Bryan v. Douds, 213 Pa. 221; Barnet v. Dougherty, 32 Pa. 371; McCloskey v. McCloskey, 205 Pa. 491; Dollar Savings Bank v. Bennett, 76 Pa. 402.

*T. R. Martin*, with him *Rush Trescott*, for appellee, cited: Squires's App., 70 Pa. 266; Grove v. Kase, 195 Pa. 325; Welford v. Herrington, 74 Pa. 311; McDonough v. O'Niel, 113 Mass. 92; Bryan v. Douds, 213 Pa. 221; Barnet v. Dougherty, 32 Pa. 371; Cross's App., 97 Pa. 471; Benjamin v. Zell, 100 Pa. 33; Everhart's App., 106 Pa. 349; Moran v. Munhall, 204 Pa. 242.

OPINION BY MR. JUSTICE FELL, June 2, 1908:

The assignments of error to be considered relate to the effect of the statute of frauds on the contract on which a recovery was allowed. The facts as established by the verdict are

as follows: The plaintiff employed the defendant, a real estate agent, to purchase land for him and to obtain a loan to be secured on it and used in part payment of the purchase price; the defendant was to be repaid all expenses incurred by him in attending to the business and a commission for his services. The defendant in violation of his duty purchased the land in his own name but made the first payment, when the contract was signed, with money received from the plaintiff for that purpose. When the plaintiff learned that the defendant was named as purchaser in the contract, he was led to acquiesce because of the defendant's assurance that he would advance the balance of the purchase money and that if he held the title the expense of preparing and recording a mortgage would be saved. The land was sold through the agency of the defendant at a profit, and during the negotiations for its sale the plaintiff was always treated as the owner and consulted at every step. The defendant refused to pay the balance of the purchase price received by him after deducting his expenses, commissions and advances, but tendered the plaintiff a part thereof in settlement.

Facts, which if admitted would give rise to an implied or resulting trust, may be proved orally; otherwise the exception of those trusts from the statute of frauds would be inoperative. A trust will spring from the fraud practiced where one employed to negotiate for another takes advantage of the opportunity to obtain a conveyance to himself. Whether in this case the acquiescence of the plaintiff in the taking of title by the defendant left him anything to rely upon except an unwritten promise to hold the land for him need not be considered, for a trust also arose from the payment of the purchase money, which could be established by parol evidence. Where an agent to buy land uses his own money to complete the purchase, the transaction will be regarded as a loan to the principal. Nor does the fact that he pays in full out of his own funds necessarily exclude the operation of the principle: Notes to Dyer v. Dyer, 1 Leading Cases in Equity, *203.

The verdict should be sustained also on the ground taken by the learned judge in submitting the case to the jury, that the action was not for land, and did not involve the title to land, but was for profits made by the sale of land, which were in.

the hands of the defendant.   If he was an agent, the statute of frauds would not prevent a recovery under Benjamin v. Zell, 100 Pa. 33 ; Everhart's Appeal, 106 Pa. 349 ; Howell v. Kelly, 149 Pa. 473.

The judgment is affirmed.