## Kern et al. *v.* Smith et ux., Appellants.

*Equity—Findings of fact—Equity practice.*

1. The findings of fact of a chancellor, based on evidence and approved by the court below, must be given the same weight as the verdict of a jury, and will not be disturbed on appeal.

*Equity—Trust and trustees—Resulting trust—Trust ex maleficio—Principal and agent—Purchase of real estate—Title in name of agent's wife.*

2. Where one employed to buy land for another uses the opportunity to his own advantage, a trust relation will spring from such fraud.

3. Such a trust may be established by parol evidence.

4. The fact that the agent advanced additional money to enable title to pass, will not change the result so far as the enforcement of the trust is concerned.

5. Where an agent to buy land receives the purchase money called for by the agreement, and procures or permits the title to be placed in the name of a third person who has knowledge of the deal, he will not be permitted to retain the title as against the principal lawfully claiming it, unless the third person has independent rights to be protected.

6. This rule applies where the title is taken in the name of the agent's wife, but, to overcome the presumption in her favor as the title holder, the evidence to establish the trust must be clear, explicit and unequivocal.

*Equity practice — Motion to dismiss bill — Variance — Grounds for dismissal.*

7. Where a motion is made to dismiss a bill in equity on the ground of variance between the allegations of the bill and the proofs, the reasons for the motion must be set forth with sufficient

clarity to enable the court to act intelligently thereon, otherwise the motion need not be considered.

8. A material variance between the allegations and the proof consists of a substantial departure from the issues on which the cause of action must depend; if the evidence can reasonably be made to conform with any of the pleadings, there is no variance.

9. A bill should not be dismissed unless it is clear from the whole scope of the pleading, with the inferences to be drawn therefrom, that a variance does exist.

10. Where the motion is not made until the trial is finished, the rule as to dismissal should be more exacting.

11. The question of variance growing out of the fact that a particular paper was not set forth in the bill but appeared in the proofs, cannot be raised for the first time on appeal, where the paper in question was covered by the general averments of the bill, and was merely explanatory of the terms of the agreement which existed between the parties.

Argued May 18, 1927. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 164, Jan. T., 1927, by defendants, from decree of C. P. No. 4, Phila. Co., June T., 1924, No. 10739, for plaintiffs, in case of Richard A. Kern et al. and The Upsilon Pi of Phi Chi Alumni Association v. James A. Smith et ux. Affirmed.

Bill to compel conveyance of real estate. Before Finletter, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Isaac Hassler,* for appellants.—The burden is on plaintiffs to establish their case in every essential phase by evidence clear, precise, convincing and indubitable, or the case falls: Jourdan v. Andrews, 258 Pa. 347; Earnest's App., 106 Pa. 310.

Plaintiffs' allegata and probata are widely and fundamentally different; and their case is not only bad for

that reason, but the confusion has resulted in misleading the court into finding a case which is neither the case alleged nor the case proved: Shenango L. Co. v. R. R., 262 Pa. 446; Berks Co. Trust Co. v. Lyte, 250 Pa. 543; Leh. v. D., L. & W. R. R., 30 Pa. Superior Ct. 396; Thompson's App., 126 Pa. 367; Bishop v. Buckley, 33 Pa. Superior Ct. 123; Caveny v. Curtis, 257 Pa. 575.

Failure of plaintiffs to set out the lease in their bill, though the suit involves an attempt to reform or overthrow this (and other written instruments) is of itself fatal and sufficient to cause the dismissal of this bill: Dorr v. Leippe, 286 Pa. 17; Sullivan v. Emerick, 86 Pa. Superior Ct. 185; Krueger v. Nicola, 205 Pa. 38.

As against defendant Emily E. Smith, the record owner of the property, there is not the semblance of a case: Clark v. Seiner, 7 Watts 107; Riesz's App., 73 Pa. 485.

Later cases, all steadily refusing under settled Pennsylvania policy to coerce, directly or indirectly, the wife in regard to her property because of her husband's agreement, are: Burk's App., 75 Pa. 141; Burk v. Serrill, 80 Pa. 413; Hill v. Jones, 152 Pa. 433.

*Harry Shapiro,* with him *Victor H. Blanc,* for appellees, cited: Stegmaier v. Coal Co., 225 Pa. 221; Schrager v. Cool, 221 Pa. 622.

OPINION BY MR. JUSTICE KEPHART, June 25, 1927:

A committee, representing a fraternity of college students, in 1920, entered into a contract with the owner of 3611 Locust Street, Philadelphia, to purchase that property. James A. Smith, one of the defendants, was a member of that committee. It was arranged, after some intermediate negotiation, that Smith should take the title for the appellees, and, at the expiration of four years, on repayment to him of certain advances, he was to convey the premises to a corporation to be organized by the appellees. The fraternity was not incorporated

at the time of the preliminary contracts. During the interim of four years, Smith leased the property to the fraternity. Instead of taking title in his own name, as, provided in the agreement, and without the knowledge of the appellees, Smith permitted the property to be conveyed to his wife, who had full information of the arrangements between the committee and her husband. The purchase price was $8,000. It was to be accounted for in the following manner: $1,000 was to be paid by the fraternity; a first mortgage of $3,000 on the property at the time of purchase was to remain; $3,000 was to be raised by a second mortgage to be placed thereon; and $1,000 was to be advanced by Smith. Appellees paid $1,000 on account of the purchase price, and an additional sum of $150 was paid to Smith.

The property was conveyed to Mrs. Smith in performance of the owner's contract to sell to Russell M. Cox, treasurer of the fraternity, and there was no contract of any nature between the vendor and Mrs. Smith. Neither Mr. nor Mrs. Smith paid any of their money on account of the purchase price. Smith, however, advanced money that was to be repaid by the fraternity. As late as May, 1924, Smith agreed to transfer the property, but in June of the same year, after the committee learned the title was in her name, his wife declined to carry out the contract when tendered the money advanced; thereupon this bill in equity to compel performance of the contract was filed, and the facts above related were found by the court below. Specific performance was decreed; defendants have appealed.

We have carefully examined the evidence in support of the findings, and while there are many contradictions, they are all supported by evidence. The findings of a chancellor, based on evidence and approved by the court below, must be given the same weight as the verdict of a jury and will not be disturbed on appeal: Glenn v. Trees, 276 Pa. 165; Miller v. Trust Co., 285 Pa. 472; Houghton v. Kendrick, 285 Pa. 223.

As we said above, the vendor agreed to sell to Cox, agent of the committee. Through the insistence of Smith, another building and loan was substituted for the one proposed by the fraternity to lend the money to complete the bargain. This circumstance, with the offer to advance $1,000 to enable the conveyance to be made, caused the appellees to agree to place the title in Smith's name rather than Cox's. Smith agreed in writing to convey the property to the fraternity within four years, when he was to be repaid his advancement. As agent of the fraternity, he could not obtain title for himself against their interest. This would have been a fraud, and where one employed to buy land for another uses the opportunity to his own advantage, a trust relation will spring from such fraud: Schrager v. Cool, 221 Pa. 622. Even if the arrangements were altogether oral, Smith could not have held title as against his principals as the purchase-money was paid by the fraternity. A resulting trust arises from such payment when it is proved by competent evidence, as it was in this case: Lloyd v. Woods, 176 Pa. 63; Gates v. Keichline, 282 Pa. 584; Hoover v. Strohm, 44 Pa. Superior Ct. 177. The fact that the agent was to, and did, advance additional money to enable title to pass will not change the result so far as the enforcement of the trust is concerned: Schrager v. Cool, supra.

Title was taken in the name of the wife. She executed no writing, and, if plaintiffs are entitled to a decree against her, it must be upon the theory that she holds the property subject to a resulting trust for the benefit of those who paid the purchase-money. This must necessarily be proved by parol evidence, but there can be no objection to this, since our Statute of Frauds (Act of April 22, 1856, P. L. 533) expressly excepts from its operation, a trust in land arising or resulting by implication of law. As early as Evans's Est., 2 Ashmead, 470, and in a long line of cases to Gates v. Keichline, supra, this court has repeatedly held that when title to land is

taken in the name of one person but is paid for with the money of another, a trust in favor of the latter results by implication of law, and such trust may, under the statute, be established by parol evidence. Where an agent to buy land, who receives the purchase-money called for by an agreement, procures or permits the title to be placed in the name of a third person who has knowledge of the deal, he will not be permitted to retain the title as against the principals lawfully claiming it, unless the third person has independent rights to be protected.

In considering the evidence to sustain the findings of fact, we have kept in mind the rule that there is a strong presumption of right in favor of one in whom the title is lodged by deed; he cannot be deprived of it by anything less than a direct attack made and maintained by clear and consistent proof that the deed, although absolute in form in the supposed vendee, is in reality for the use and benefit of those who claim under the resulting trust. We repeat that the presumption in favor of the titleholder is a strong one and cannot be overcome except by clear, satisfactory evidence to the contrary; it should not be subjected to the peril of attack by evidence of any other character. Every element essential to the existence or creation of a resulting trust in a given case must be made to appear by evidence that is clear, explicit and unequivocal: Earnest's App., 106 Pa. 310.

It is urged that the allegations in the bill of complaint and the proofs submitted were so widely at variance that the court below should have dismissed the bill. The motion to dismiss was in the following form: "I move to dismiss the bill on the grounds of material variance between plaintiff's allegata and probata." Where a motion is made to dismiss, the reasons for so doing should be set forth with sufficient clarity to enable the court below to act intelligently thereon, otherwise the motion need not be considered. The motion was made at the close of appellee's case. It did not con-

tain a single specification of variance from among the many now assigned in this court. The court below, on the motion as quoted, was not required to do anything more than overrule it.

We shall consider in detail two of the reasons now urged in support of the motion to dismiss: (1) the failure of the appellees to set out the lease in the bill, and (2) that the bill averred payment to the vendor by the fraternity of $400 while the proof showed it to be $600. A material variance consists in a substantial departure from the issues on which the cause of action must depend. If the evidence can reasonably be made to conform with any of the pleadings, there is no variance. A bill should not be dismissed unless it is clear, from the whole scope of the pleading with the inferences to be drawn therefrom, that a variance does exist. Where the question is not raised until the trial is finished, the rule as to dismissal should be more exacting. If the proof sustains the major allegations of the pleadings, immaterial matters which might ordinarily constitute a variance will not be of sufficient importance to justify the dismissal of a bill. The modern tendency of the courts is to abolish technical refinements as to variance, with a view toward securing substantial justice. If the proof substantially supports the bill in its general aspect, it is sufficient: 31 Cyc. 700.

The lease was made with Smith; the title was in his wife's name. The lease was merely explanatory of the condition in which the title was to remain during the four years it was to be held by Smith. The agreement with him covered "house rent" and provided that "taxes, water rent, house rent, and interest on encumbrances are apportioned to the date of settlement" which was fixed for September, 1924. The lease was an incident of the agreement that had been pleaded. Out of the rental named in the lease, Smith was to pay all the overhead charges, including taxes, interest, etc. It would have been better pleading perhaps for appellees to have in-

cluded the lease in their bill, but as it is sufficiently covered by the general averments, it is too late now to raise the question of variance, especially as is here attempted.

The mere fact that the bill alleged $400 as having been paid while the proofs show $600 becomes immaterial when no objection was raised to the evidence on the ground of a variance, if it were of consequence. The other objections concerned mainly items of evidence, or were not objected to; none of these alleged errors need be considered.

We have carefully gone over the evidence in relation to knowledge by the wife; there is no doubt that Mrs. Smith knew everything in connection with this property. She took an active interest in it, and we are convinced that the court below was entirely right in finding that she knew all about the transaction.

All the assignments of error which are not specifically dealt with and not included in our discussion, we deem to be without merit. The case was carefully tried in the court below and we could not, if we desired, interfere with the findings made by the chancellor.

The decree of the court below is affirmed at the cost of appellants.