I. W. Witmer *v.* Mary L. Johnson, Appellant.

Argued March 13, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Oscar G. Wickersham,* for appellant.—The evidence was not sufficient to establish a resulting trust: William M. Bowen v. Angeline Haupt, 196 Pa. 406; Olinger v. Shultz, 183 Pa. 469. A breach of a parol contract does not create a trust: Bryan v. Douds, 213 Pa. 221.

*W. Justin Carter,* for appellee.—The findings of court will not be set aside unless there is proof of manifest error: Stockett v. Ryan, 176 Pa. 71; Hancock v. Melloy, 187 Pa. 371. The Act of April 22, 1856, P. L. 533, Section 4, does not apply to resulting trusts: Byers v. Furner, 216 Pa. 233, 236; Light v. Zeller, 144 Pa. 604.

OPINION BY BALDRIGE, J., April 15, 1929:

The assignments of error in this case relate to the decree of the court holding that a resulting trust was created, and that the defendant, Mary L. Johnson, held title, as trustee for the plaintiff, I. W. Witmer, to premises known as 107 Hanna Street, in the City of

Harrisburg. The plaintiff's testimony shows that he had entered into an agreement to purchase the premises aforesaid from Jacob Bailets for the sum of fourteen hundred ($1,400) dollars; that he paid one hundred ($100) dollars when the agreement was executed and the remaining thirteen hundred ($1,300) dollars was paid to the daughter, Mary L. Johnson, who delivered it to the vendor when the deed was executed, and that his daughter had agreed that she was to reconvey the property to him at any time he requested it. Immediately after the purchase of the property, the plaintiff assumed the ownership of it, receiving the rentals, paying the taxes and other expenses incident to the maintenance, and, in addition, made substantial improvements to the house and built a new garage, all of which required an expenditure of approximately three thousand ($3,000) dollars. There was no testimony offered to show that the defendant was manifesting any interest in the property, as she rarely visited the premises; she made no investigation of its condition, or the extent and nature of the improvements, and never discussed with her father anything in relation to the improvements or occupancy of the property. All of the testimony indicates very clearly that the defendant had no knowledge of the property before the purchase of it, nor after she had obtained the legal title thereto. It was the father who made all the preliminary arrangements to purchase and exercised ownership over it. Under the testimony of Mrs. Fry, the defendant stated in her hearing that one of the tenants requested that a little work be done and she referred them to her father, as he was the one who owned the house. All of the circumstances surrounding the transaction and the subsequent conduct of the parties indicate clearly that title was taken in the name of the daughter as a matter of convenience or on account of collateral purposes. The testimony offered was competent and sufficient to

establish a resulting trust: Bigley et al. v. Jones, 114 Pa. 510; Schrager v. Cool, 221 Pa. 622.

The court was entirely warranted in entering its decree. The judgment is affirmed at the costs of the appellant.