[Civ. No. 15944.   Second Dist., Div. Two.   Oct. 17, 1947.]

REED C. KINERT et al., Appellants, v. GEORGE G. WRIGHT et al., Respondents.

Blanche & Fueller for Appellants.

Robt. E. Rosskopf for Respondents.

WILSON, J.—Appellants furnished money to their agent, respondent George G. Wright, for the purpose of purchasing a parcel of real estate selected and designated by them. He purchased not only the desired property but adjoining property as well, using therefor only a portion of the funds which they had furnished. This action was brought by appellants to recover title to the entire property so purchased. They have appealed from the judgment by which they were awarded only the portion that they originally designated. The appeal is on the judgment roll. The term "respondent" used herein refers to George G. Wright; "respondents" means both defendants, who are husband and wife.

1. *The facts as stated in the findings.* (The quotations are from the text of the findings of the trial court.) In February, 1945, appellants handed $1,200 to respondent "as their agent" for the purpose of purchasing a parcel of real property which they had selected. He represented that he could purchase it for that sum, accepted the money and "became plaintiffs' agent" for that purpose. A written memorandum was executed by respondent acknowledging receipt of the money. The representation that it would take $1,200 to buy the property was well known to respondent to be false and

fraudulent in that not only the property selected by appellants but it and adjoining property as well could be purchased for less than that sum. Respondent made the false representations "intending to profit by his agency at the expense of plaintiffs" by purchasing with less than $1,200 more than the land desired by appellants and to use the additional land for his "own secret profit."

"In pursuance of his scheme to take advantage of plaintiffs" respondent did, prior to March 28, 1945, without informing appellants, purchase for $500 title to a large tract of land which included the property selected by them, subject to taxes ultimately determined to be $1,039 and street bonds then amounting to $294 with interest. Respondent subsequently admitted that he held title to the property which had been selected by appellants in trust for them.

The money received by respondent from appellants "was not used by defendants in the purchase of said property." It was mingled by respondent with his own funds and used "for his own purposes as his own money," but at all times he acknowledged that he had received $1,200 from appellants for the purpose above stated. He admitted his fiduciary relationship to them as a consequence thereof but such admission was only as to the portion of the property which they had selected. He at no time revealed the facts with reference to the amount paid for the property or the extent of the purchase or the encumbrances against the property, but at all times represented that he had purchased for appellants' account only that portion of the property which they had previously chosen and that he had paid therefor the total sum of $1,200. The representation so made "was knowingly false and untrue."

Without informing appellants of the facts relating to the purchase of the property respondent entered into a written contract with appellants whereby he agreed to build a house for them on the property they had selected. After the work of constructing the residence had been commenced respondent abandoned the contract and refused to complete the building.

Thereafter, respondent made a purported accounting to appellants for the money received by him wherein he claimed to be entitled to $1,200, the purchase price of the property, plus $120 commission, although he had paid only $500 for the large tract of land and still retained the balance of appellants' money.

Unknown to appellants, taxes on the property had not been paid and were delinquent, the entire tract having been sold for nonpayment thereof. About July, 1945, by an action in court, the delinquent taxes were found to be $1,039. Respondent expended $160 for costs and attorney's fees in the action. In January, 1946, respondent redeemed the entire property from the delinquent taxes. The unpaid bonded indebtedness for street improvements remained a lien upon the property which, with interest and penalties, amounted to more than $1,000 at the time of the trial. Respondent at no time disclosed to appellants the fact that the liens existed against the property, and the expenditures made by him were in pursuance of his "scheme to obtain a secret profit" at appellants' expense.

In August, 1945, respondents executed and delivered to appellants a grant deed covering the small tract that had been selected by the latter, subject to the taxes and street improvement bonds above mentioned and further subject to a recorded dummy deed of trust that had been executed by respondents without having received any consideration therefor, the beneficiary of which, contemporaneously with the execution of the deed of trust, had signed and delivered to respondents a request for reconveyance. Despite the fact that the deed of trust "was merely a sham" and had been executed without consideration, respondents refused to surrender the request for reconveyance until March 1, 1946, with the result that from the date of the deed from respondents to appellants until said March 1, the title to the property remained clouded by the spurious deed of trust, thereby preventing appellants from refinancing the property in order to complete the construction of the building which respondent had abandoned.

2. *The conclusions of law and the judgment.* From the foregoing findings of fact the court drew conclusions of law that appellants were entitled to have a clear title to the small tract of land which they had originally selected; that respondents should be required to execute such instruments as were necessary to that end; that appellants were entitled to have the existing lien of the street improvement bonds paid by respondents; that if respondents failed to pay the same within 15 days from the date of judgment appellant should pay the bonds and have a lien for the amount so paid on the real property purchased by respondents and allowed by the judgment to be retained by them; that appellants were entitled to a

judgment against respondents for the sum of $820 with a lien therefor upon the property remaining in the names of respondents. Judgment was entered in accordance with the conclusions of law.

By their complaint appellants sought a judgment decreeing that they were the actual and legal owners of the entire property purchased by respondent; that respondent held title thereto in trust for appellants and that he be required to convey the entire tract to them. At the conclusion of the trial the court entered the following order in its minutes: "It is ordered that plaintiffs have judgment as prayed." Such is the judgment required by the law and the facts, but the judgment entered is at variance with the judgment ordered and affords far less relief to appellants than that to which they are entitled.

Since the court found the facts to be that appellants furnished the sum of $1,200 to respondent; that he purchased the large tract of land for $500, at the same time representing that the entire sum had been paid for the smaller tract; that respondent became and was appellants' agent; that the representation as to the amount paid and the property purchased was known by respondent to be false and untrue; that respondent took title to the entire property in his name; that he executed and recorded a spurious deed of trust thereon, it is manifest that appellants should be granted the entire relief sought by their action. The conclusions of law must be amended and the judgment modified.

3. *The obligations of an agent or a trustee.* It is elementary that when one person furnishes funds to another with which to purchase property and the latter takes title in his own name he takes it as trustee for the person whose money was expended in the purchase. A trustee is under obligation to render to his beneficiary a full account of his dealings with the trust funds and where he refuses to account, all presumptions will be against him upon a settlement. (*Bone v. Hayes,* 154 Cal. 759, 766 [99 P. 172].) The duty to account for funds and for property is not satisfied by the rendering of a paper account showing the disposition made of the trust property. Obviously, the mere furnishing of an account showing the receipt of trust funds and the use made thereof does not fulfill the duties of a trustee. He is under the further constraint to deliver the property to his beneficiary, since the latter is the rightful owner.

The relations of principal and agent, like those of beneficiary and trustee, are fiduciary in character. An agent may not do anything which a trustee is forbidden to do, and may not act in his own name unless it is the usual course of business so to do. (Civ. Code, § 2322.) If a trustee acquires any interest adverse to that of his beneficiary in the subject of the trust he must immediately inform the latter thereof and a failure so to do is a fraud against the beneficiary. (Civ. Code, §§ 2233, 2234; *MacDermot* v. *Hayes*, 175 Cal. 95, 103 [170 P. 616].) ■ Since at the inception of the transaction respondent was admittedly the agent of appellants he could not lawfully enter into a secret agreement whereby he would purchase more property than that selected by them with less money than they furnished and retain the excess property and money as his secret profit. (*Rezos* v. *Zahm & Nagel Co.*, 78 Cal.App. 728, 731 [246 P. 564]; *Mabry* v. *Randolph*, 7 Cal.App. 421, 426 [94 P. 403]; 3 C.J.S., p. 24, § 144-c.)

■ It is of no consequence whether the word "trustee" or "agent" was spoken by the parties in their oral agreement or written in respondent's acknowledgment of the receipt of the money. The fiduciary relationship between the parties was brought into existence by their acts even though not expressed in apt words. When appellants' funds passed into respondent's hands for the specifically agreed purpose of purchasing a definite tract of land the confidential relationship was created and respondent was bound to exercise the utmost good faith in the use of the money. ■ An agent is charged in full measure with the duty of honesty and loyalty toward his principal, not only in form but in substance. His obligation to his principal demands the strictest integrity and the most faithful service and precludes him from taking any advantage. (*Calmon* v. *Sarraille*, 142 Cal. 638, 641 [76 P. 486]; *Rubidoex* v. *Parks*, 48 Cal. 215, 219.) ■ An agent must disclose to his principal every fact known to him bearing upon the value of the property with which the parties are dealing, the concealment of which would lead to the injury of the principal (*Thomas* v. *Snyder*, 114 Cal.App. 397, 404 [300 P. 117].)

The duties of an agent are similar to those of a trustee and his acts are judged in almost the same degree of strictness as those of a trustee. ■ Where the agent deals with his principal and obtains any benefit through the transaction the burden is upon the agent, as it is upon a trustee, to show that no unfair means of any kind were used by him in such dealings.

(*Williams* v. *Lockwood,* 175 Cal. 598, 601 [166 P. 587] ; *Swan* v. *Smith,* 102 Cal.App. 541, 544 [283 P. 829].)

Though respondent was appellants' agent when their relationship began he became their trustee when he took title to the property in his own name, using their money with which to make the purchase. (Civ. Code, § 853; *Viner* v. *Untrecht,* 26 Cal.2d 261, 269 [158 P.2d 3] ; *Brown* v. *Spencer,* 163 Cal. 589, 593 [126 P. 493] ; *Kirk White & Co.* v. *Bieg-Hoffine Co.,* 6 Cal.App.2d 188, 191 [44 P.2d 439].) One who wrongfully detains a thing is an involuntary trustee thereof for the benefit of the owner. (Civ. Code, § 2223.) A trustee may not use the trust property for his own profit (§ 2229) and if he does so may be required by the beneficiary to account for all profits made by him (§ 2237).

The facts which we have narrated abundantly demonstrate respondent's utter failure to observe the obligations that rested upon him and his violation of every rule of conduct imposed upon a fiduciary.

The finding to the effect that appellants' $1,200 was not used by respondent in the purchase of the property but that he mingled their money with his own and used it for his own purposes does not support respondent's claim to ownership of any of the property for two reasons: (1) The court found that at all times after purchasing the property respondent acknowledged that he had received the money from appellants for the purpose of procuring the land selected by them and admitted his consequential fiduciary relationship to them as to that property. His failure to admit or even his denial of such relationship as to the entire tract is of no significance in the result of this action. His acceptance and use of the money made him appellants' agent and trustee without an express acknowledgment of the trust on his part and imposed upon him the legal and equitable obligations of a fiduciary. He at no time, according to the findings, revealed to appellants the actual facts with reference to the amount paid for the property, or to the extent of the purchase made by him, or to the encumbrances against the property. In this he violated the rules of common honesty and straightforwardness, to say nothing of his fiducial duty, whether he be denominated an agent or a trustee. (2) When an agent is given funds with which to purchase a property for his principal and he purchases it for himself with his own funds the same rule applies as if he had made the purchase with the funds of his

principal—he becomes the trustee of and is deemed to hold title for his principal just as if he had used the funds entrusted to him by the latter. (*Hellman* v. *Messmer,* 75 Cal. 166, 170 [16 P. 766] ; *Johnson* v. *Hayward,* 74 Neb. 157 [103 N.W. 1058, 1059, 107 N.W. 384, 385; 12 Ann.Cas. 800, 5 L.R.A. N.S. 112] ; *Havner Land Co.* v. *MacGregor,* 169 Iowa 5 [149 N.W. 617, 619] ; *Allen* v. *Malone,* 2 Iowa (Cole's Ed.) 591, 595.) If it should be conceded (a concession that appellants do not grant and we find nothing in the record to warrant it) that respondent used his own money in the purchase of the property, he was nevertheless the agent of appellants, the money advanced by him would be deemed to be a loan, and his obligation to his principals would remain unchanged. (*Brown* v. *Spencer,* 163 Cal. 589, 593 [126 P. 493] ; *Schrager* v. *Cool,* 221 Pa. 622 [70 A. 889, 891]. See, also, *Jackson* v. *Stevens,* 108 Mass. 94, 97; *McDonough* v. *O'Niel,* 113 Mass. 92, 95.)

4. *Respondent's right to reimbursement for expenditures made by him.* ▇▇▇ The fraud and deception of respondent deprive him of the right to repayment of his expenditures for attorney's fees in the tax suit and for other purposes in connection with the property. Section 2273 of the Civil Code provides that a trustee is entitled to reimbursement out of the trust property of all expenses actually and properly incurred by him in the performance of his trust. This rule is applicable only when the trustee has conducted the affairs of the trust honestly, has dealt fairly with his beneficiary, and has not attempted to make a secret profit for himself out of the trust property or otherwise to deceive and defraud those who entrusted him with their business. An involuntary trustee who becomes such through his own fault is not entitled to reimbursement. (Civ. Code, § 2275; *Title Insurance & Trust Co.* v. *California Dev. Co.,* 171 Cal. 173, 220 [152 P. 542] ; *Marsh* v. *Smith,* 46 Cal.App. 692, 699 [189 P. 1037].) The beneficiary "is under absolutely no obligation to repay these outlays." (*McArthur* v. *Goodwin,* 173 Cal. 499, 505 [160 P. 679].)

It follows from the foregoing that appellants are entitled to judgment as prayed in their complaint and as originally ordered by the court for the recovery of the entire property purchased by respondent in his own name and the latter is not entitled to repayment of the amounts that he expended in connection with the fraudulent transaction.

▇▇▇ Respondent received $1,200 from appellants, asserting that the small tract selected by them could be purchased

for that sum and falsely representing that it was free and clear of encumbrances. He paid $500 for the large parcel of land. The finding is that in his accounting he claimed to have paid $120 as commission. There is no finding that the commission was not paid, the evidence is not before us, and appellants do not dispute the claim. Allowing respondent his full due he is entitled to credit for $620 and appellants should recover the difference between that sum and the amount entrusted to him amounting to $580.

The conclusions of law are amended as follows: (1) By striking from paragraph 1 the word and Roman numeral "Paragraph IV" and inserting in lieu thereof "Paragraph III"; (2) by striking out paragraphs 2, 3 and 4; (3) by inserting a conclusion that appellants are entitled to recover from respondent the sum of $580. The judgment is modified so as to conform with the conclusions of law as thus amended, and as so modified the judgment is affirmed. Appellants shall recover their costs on appeal.

Moore, P. J., and McComb, J., concurred.