[S. F. No. 3702.   Department One.—March 29, 1904.]

EUGENE CALMON et al., Respondents, v. ALEXANDRINE SARRAILLE, Administratrix, etc., of F. Garnier, Deceased, Appellant.

PRINCIPAL AND AGENT—FIDUCIARY RELATION—DUTY OF AGENT—ADVANTAGE OVER PRINCIPAL.—The relation of an agent to his principal is of a fiduciary nature, and not only imposes upon the agent the highest good faith toward the principal, but precludes him from

obtaining any advantage over him in any transaction had by vir-
tue of his agency.

ID.—NEGOTIATION FOR PURCHASE OF LAND—DEED OBTAINED BY FRAUD
OF AGENT—ANNULMENT BY PRINCIPALS.—Where an agent employed
to negotiate for the purchase of land obtained an offer for a spe-
cific sum, and falsely represented to his principals that the vendor
insisted, in addition, upon a deed of a lot belonging to plaintiffs,
whereby the principals were induced to consent thereto, whereupon
the agent presented a deed for their signature, falsely representing
it as a deed to the purchaser, when in fact it was a deed to him-
self, which he afterwards recorded, and the purchaser merely received
the agreed purchase money, the principals, upon discovery of the
fraud of the agent, are entitled to set aside the deed to him for
such fraud.

ID.—FAILURE TO READ DEED TO AGENT.—The failure of the principals to
read the deed to the agent, under his representation that it was a
deed to the purchaser, does not bind the principals by its terms.

ID.—WILLINGNESS TO GIVE DEED—INJURY TO PRINCIPALS.—The willing-
ness of the principals to give the deed, in addition to the pur-
chase money, induced by the fraud of the agent, cannot justify the
agent in retaining the fruits of his fraud on the ground that the
principals have sustained no injury because of such willingness.

ID.—DEATH OF AGENT PENDING SUIT—SUBSTITUTION OF ADMINISTRATRIX
—COMPETENCY OF PLAINTIFFS AS WITNESSES.—The death of the
agent pending the suit to set aside the deed to him for fraud in
procuring it, and the substitution of his administratrix as defend-
ant, cannot affect the competency of the plaintiffs as witnesses. The
action is not upon a claim against the estate, but is brought to
establish that the land sued for never became part of his estate.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion.

Barna McKinne, for Appellant.

A. Ruef, for Respondents.

HARRISON, C.—Action to set aside a deed.   Judgment
was rendered in favor of the plaintiffs, and from this judg-
ment and an order denying a new trial the defendant has
appealed.

The plaintiffs employed Frederic Garnier to negotiate for
them with Josephine Beyersdorff, who was the owner of a

certain lot of land in San Francisco, for its purchase. As a result of his negotiations he obtained her offer to sell the same for the sum of $11,500. The plaintiffs were at that time the owners of another lot of land in San Francisco of the value of $1,150. After Garnier had received this offer he represented to the plaintiffs that Mrs. Beyersdorff would sell the land to them for $11,500 and the lot of land owned by them, and would not sell it for any less amount. The plaintiffs believed this representation, and on January 2, 1901, purchased the land, and paid therefor the sum of $11,500 in money, and also executed a conveyance of the lot of land owned by them. This representation of Garnier was in fact false. Mrs. Beyersdorff had agreed with him to accept the sum of $11,500 in money for her property, and did not in fact at any time demand in addition thereto a conveyance of the plaintiffs' lot of land, nor was anything said by her as to conveying the plaintiffs' lot as a part of the purchase price. All that she received for her land was the sum of $11,500.

When the parties came to close up the transaction Garnier had plaintiffs go with him to the office of Mr. Brownstone, who acted as agent for Mrs. Beyersdorff, and while there presented an instrument to them which he requested them to sign, and which was in fact a conveyance of their lot to himself. They did not read the instrument, but Garnier represented to them that it was a conveyance of their lot to Mrs. Beyersdorff as a part of the consideration for her property, and stated that after they had executed this deed to her they would go and pay to Mrs. Beyersdorff the $11,500 and get her deed to the other lot. They thereupon signed and acknowledged this deed, and left it with the notary; and then the plaintiffs and Garnier went to the office of Mr. Comte, where Mrs. Beyersdorff was waiting to complete the transaction, and paid her the $11,500 and received the convey- ance of her lot. Garnier did not have the deed to himself recorded until April 4, 1901, and until that time the plain- tiffs believed that the instrument executed by them was a conveyance of their lot to Mrs. Beyersdorff as a part of the purchase price for her lot. Immediately upon learning this fact they brought the present action to set aside their deed to him and have the same annulled. After the action was at issue, and before it came on for trial, Garnier died, and his

administratrix was substituted as the defendant herein in his place and stead.

The relation between Garnier and the plaintiffs was of a fiduciary nature, and not only imposed upon Garnier the duty of acting in the highest good faith towards the plaintiffs, but precluded him from obtaining any advantage over them in any transaction had by virtue of his agency. Subdivision 3 of section 2322 of the Civil Code, forbids an agent from doing "any act which a trustee is forbidden to do" under sections 2228, 2239 of the Civil Code. Section 2228 declares that "In all matters connected with his trust, a trustee is bound to act in the highest good faith towards his beneficiary, and may not obtain any advantage therein over the latter by . . . *concealment*"; and section 2231 declares that "A trustee may not use the influence which his position gives him to obtain any advantage from his beneficiary." (See, also, Story on Agency, sec. 211; Mechem on Agency, sec. 470; *Bunker* v. *Miles,* 30 Me. 431;[1] *King* v. *Wise,* 43 Cal. 628; *Rubidoex* v. *Parks,* 48 Cal. 215; *Burke* v. *Bours,* 92 Cal. 108; *Sterling* v. *Smith,* 97 Cal. 393.[2])

The suppression by Garnier of the fact that Mrs. Beyersdorff was willing to sell her property for $11,500 was a violation of his duty to the plaintiffs, and his statement to them that in addition thereto she demanded a conveyance of the land described in the complaint, as well as his further representation to them that the instrument which he induced them to execute was a conveyance to Mrs. Beyersdorff as a part of the consideration for their purchase from her, was a fraud upon them for which they were entitled to hold him responsible. As he procured the conveyance to himself of the land set forth in the complaint by virtue of this fraud, the plaintiffs are entitled to have the instrument set aside as void and declared to be of no effect.

. The proposition of the appellant, that inasmuch as the contents of the instrument were open to the plaintiffs equally as to Garnier, and that as they signed it without reading it or having it read to them, they are bound by its terms, is without merit. The case of *Hawkins* v. *Hawkins,* 50 Cal. 558, cited in support of this proposition, has no application.

[1] 50 Am. Dec. 632.          [2] 33 Am. St. Rep. 198.

The rule there laid down is applicable when the parties to the transaction are dealing at arm's-length, but has no application where the relation of trust or confidence exists between them. (*Meyer* v. *Haas,* 126 Cal. 560.) Even when contracting parties are adverse to each other, either has the right to rely upon an express statement made by the other of an existing fact of which the truth is known to the other and unknown to him. (*Mead* v. *Bunn,* 32 N. Y. 275; *Bank of Woodland* v. *Hiatt,* 58 Cal. 234.) With much greater reason is a principal entitled to rely upon the truth of a representation made to him by his agent with reference to the terms of the very transaction for which the agent is employed.

The further proposition, that inasmuch as the plaintiffs were willing to give their land as well as the money for the lot purchased from Mrs. Beyersdorff they have sustained no injury, and therefore have no right of action against their agent, is equally without merit. An agent will not be permitted to justify the violation of his trust and retain from his principal the fruits of his fraud upon the plea that the principal was willing to give a greater price for the property rather than not to obtain it. In *King* v. *Wise,* 43 Cal. 628, the court said in response to a similar contention: "The plaintiffs may have been willing to purchase the land at the price they paid, or at even a larger price, and may not wish to rescind the sale; but they are none the less entitled to hold the defendant to a strict observance of the trust confided to him, and to enjoy their proportionate benefit of any bargain he may have made. They do not complain that they were induced to pay more than the land was worth, but that they would have paid less if the defendant had been faithful to his trust."

The court properly overruled the objections of the defendant to the competency of the plaintiffs as witnesses. Subdivision 3 of section 1880 of the Code of Civil Procedure, has no application to a case like the present. (*Myer* v. *Reinstein,* 67 Cal. 89; *Poulson* v. *Stanley,* 122 Cal. 655.[1]) The present action is not upon a claim against the estate of Garnier, but is brought to establish the fact that the land described in the complaint never became a part of his estate.

[1] 68 Am. St. Rep. 73.

We advise that the judgment and order appealed from be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.