[Sac. No. 2622. Department Two.—August 1, 1918.]

## MANOUG M. STENIAN, Respondent, v. HARRY TASH-JIAN, Appellant.

PRINCIPAL AND AGENT—ASSOCIATION FOR PURCHASE OF LAND—DUTY OF NEGOTIATING ASSOCIATE—GOOD FAITH.—A person who negotiates a purchase of land for the benefit of himself and others is the agent of his associates, and as such bound to the utmost good faith with them, regardless of whether the dealings between them constituted a partnership or a tenancy in common in the land.

ID.—EXISTENCE OF PARTNERSHIP—QUESTION OF FACT.—The question of whether there is a partnership between persons associated together in the purchase of a tract of land is one of fact, and in order to constitute it, there must be an agreement to that effect—a joint undertaking to share in the profits and losses.

ID.—PURCHASE OF LAND—NEGOTIATION BY PARTNER—SECRET PROFITS—ACCOUNTABILITY TO OTHER PARTNERS.—Where parties enter into an agreement of partnership or association for the purchase of property for the common benefit, each partner or associate occupies a fiduciary relationship to the others in all matters pertaining to the partner-

ship enterprise, and is precluded from making any secret separate profit out of the transaction, and if he does so, it constitutes fraud upon the others and he is accountable in a suit at law or in equity for such profits.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

J. S. Clack, for Appellant.

A. P. Michael Narlian, H. H. Rose, and Arekalian M. Astor, for Respondent.

LORIGAN, J.—The court found, in accordance with the allegations of the complaint, that plaintiff and defendant in 1912 by verbal agreement became partners in the purchase of a tract of land in Tulare County; that prior to the purchase, which was made by the partnership at the solicitation of the defendant, he had entered into a written agreement with the owners of said land to pay him two thousand dollars as a commission in case he made a sale of the property, which fact, however, defendant, for the purpose of deceiving plaintiff, concealed from him; that plaintiff did not discover the fact of such agreement for a commission till a couple of years subsequent to the purchase of the property by plaintiff and defendant as such partners and subsequent to the termination of the partnership and division of the property between them.

The decree of the court was that plaintiff recover from defendant one-half of the money already paid to him under the contract for commissions by the prior owners of the property and half of all moneys to be paid defendant thereunder in the future when a mortgage on the property executed by plaintiff and defendant was paid. Defendant appeals from the decree.

Appellant, as grounds for a reversal, makes but two points which have any appearance of merit. He insists, first, that the evidence does not sustain the finding that a partnership was entered into between plaintiff and defendant for the purchase of the land, but that the evidence simply shows that defendant, who had the land for sale as agent for the

owners, approached the plaintiff and one Ogaspian with the proposition that the three of them purchase the land for the sum of fifteen thousand dollars, of which they would pay cash two thousand dollars (one-third by each) and give a note and mortgage for the balance of thirteen thousand dol- . lars. The negotiations for the purchase by them was conducted by the defendant and a conveyance made to the three of them of the tract of land undivided as tenants in common, so the defendant contends. Plaintiff and Ogaspian testified that the parties formed a partnership preliminary to the purchase of the land to make such purchase; that the understanding was that they were to purchase the property together, improve it together, put one-half of it in grapes and the other half yearly in barley. Subsequently, Ogaspian became dissatisfied with his purchase and his interest was bought out by plaintiff and defendant. Defendant testified that there was nothing said about the partnership when the purchase was made; that each simply took an equal undivided interest. It appears, as all the parties testified, that defendant took charge and management of the land from the beginning, leasing portions of it and had other portions sown to barley. No crops, however, matured, and his share of the loss of the venture, consisting of the expense of cultivation and the purchase of seed—some five hundred dollars—was paid defendant by plaintiff. It is the claim of appellant that this evidence does not show a partnership, but at most a tenancy in common in the purchase of the property. As far as the alleged deceit of the defendant, as found by the court, is concerned (assuming it was proven) in concealing from his associates the fact that he was obtaining a secret advantage over them through commissions to be paid him for the sale and purchase of the property, it would be immaterial whether such sale and purchase was made for a partnership embracing the defendant as a member thereof or as a tenancy in common with defendant as one of the cotenants. In either event the defendant in negotiating the purchase for the benefit of his associates would be the agent of such associates, and as such bound to the utmost good faith with them and could make no secret profit for himself at their expense. Now, while this rule of the liability of the agent for deceit practiced upon his associates is no different either in law or

equity whether the sale or purchase of the property is for a partnership or whether as a tenancy in common, appellant claims that the distinction is quite material here, because plaintiff in his complaint relies solely on a partnership, and must recover, if at all, by proof of the partnership and nothing else. Conceding this point of appellant as well taken, we are not so certain that if necessary we could not hold that the complaint, aside from its allegations of partnership, was also so framed that relief might be given to plaintiff upon the theory of defendant that the proof established simply a purchase by tenants in common. But this is unnecessary. The question of whether there is a partnership is one of fact. In order to constitute it there must be an agreement to that effect—a joint undertaking to share in the profits and losses. There was evidence tending to show that this was the intention of the parties in their transaction in reference to their purchase of the property. The partnership did not last for more than a couple of years nor did it involve many transactions. But that was not essential. What little was done with the property was in line with a partnership as the plaintiff and Ogaspian declared was the intention when the purchase was made. It was managed by the defendant for the benefit of all. That there were no profits is of no consequence. There was an endeavor to make them, but the effort resulted only in a loss of which plaintiff, in line with his partnership obligation, paid his share. Under this evidence we think the court was warranted in finding the existence of a partnership in the purchase of the land.

It is next insisted by appellant that there is no averment or proof of fraud perpetrated by defendant on plaintiff in the sale to the partnership of the property. Taking the attitude of appellant seriously, he must be understood as claiming that there is no sufficient evidence to establish that he was to be paid a commission for making a sale to the partnership, and not that the facts as alleged and found by the court, if supported by the evidence, do not show fraud toward his partners in obtaining a commission for making the sale and purchase. The evidence shows that at the time the defendant entered into negotiations with plaintiff and Ogaspian for the purchase by the partnership of the property he then had a written contract with the owners to

pay him two thousand dollars if he made a sale of it; both plaintiff and Ogaspian testified that while discussing with the others the subject of the contemplated purchase both asked him pointedly if he was to get a commission and he said that he was not, declaring that partners could not make a commission in selling to each other. After the sale defendant made another contract with the former owner of the property whereby he was to be paid his commission in installments as certain payments on the purchase price were made. Opposed to this was the testimony solely of defendant, who testified that while the others asked him if he was to get a commission, he simply answered them that it was none of their business. The court accepted the evidence on the part of plaintiff.

The law as applied to such a situation is well settled and no extended discussion of it is necessary. Each partner is the agent of the partnership as to all matters coming within the scope of the relationship, and it is an elementary principle of equity that an agent may not make any profit for himself in a transaction in behalf of his principal. Where parties enter into an agreement of partnership or association for the purchase of property for the common benefit, each partner or associate occupies a fiduciary relationship to the others in all matters pertaining to the partnership enterprise. In the purchase of the property for the partnership or association each one of the partners or associates is precluded from making any secret separate profit out of the transaction, and when one of them does make such a secret profit, it constitutes a fraud upon the others, and he is accountable in a suit at law or in equity as the transaction requires for such profits. The facts as found by the court here show just such conduct on the part of defendant as these rules apply to, and he was properly held accountable by the court for one-half of the secret profits made by him in the transaction. (Civ. Code, sec. 2330; *King v. Wise,* 43 Cal. 628; *Barry v. Bennett,* 45 Cal. 80; *Calmon v. Sarraille,* 142 Cal. 638, [76 Pac. 486]; *Lomita Land & Water Co. v. Robinson,* 154 Cal. 37, 38, [18 L. R. A. (N. S.) 1106, 97 Pac. 10]; *California-Calaveras Min. Co. v. Walls,* 170 Cal. 285, [149 Pac. 595].)

The judgment appealed from is affirmed.

Wilbur, J., and Melvin, J., concurred.