[L. A. No. 4579. Department One.—November 14, 1918.]

## ALFRED HOFFMAN, Respondent, v. HANLON PATTERSON, Appellant.

ACTION FOR DAMAGES—CONTRACT TO PROCURE TITLE TO SCHOOL LAND—PLEADING—WAIVER.—In an action for damages in a transaction in which the plaintiff applied to the defendant for information as to the location of school land open to entry, in which defendant undertook to procure title for plaintiff in consideration of the transfer to him of plaintiff's equity in a certain house and lot, where defendant failed to demur to the complaint upon the ground that it was indefinite, in that it could not be determined whether the plaintiff was seeking to recover damages for the breach of a contract or for false and fraudulent misrepresentations, the court properly refused to limit plaintiff's proofs to one or the other cause of action.

ID.—EXAMINATION OF LAND BY PLAINTIFF—FAILURE TO PROCURE TITLE—IMPROPER STEPS.—The contention that plaintiff should not recover in such an action, for the reason that after he had entered into the transaction, he had gone upon the land and had seen that it was not as represented to him, and had nevertheless gone ahead with his attempt to prove up upon it, cannot be maintained, where the claim for damages was not founded alone upon misrepresentations but upon failure to procure the land, because defendant had misled plaintiff as to the proper steps to be taken to perfect his right to purchase it from the state.

ID.—CONFIDENTIAL RELATION—PRINCIPAL AND AGENT.—In such a case, the relation between the parties was a confidential one, and the plaintiff was entitled to rely upon the defendant as his agent in the matter of signing without reading the papers which the latter had prepared and presented for his signature.

ID.—DAMAGES—BASIS FOR.—In such a case, it is proper for the court
to adopt as its basis for fixing plaintiff's damages the value of his
equity in the property transferred by him instead of the value of
the lands which he had failed to obtain.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Willis I. Morrison, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jones & Evans, for Appellant.

Andrew J. Copp, Jr., for Respondent.

RICHARDS, J., *pro tem.*—This is an action for damages
arising out of a transaction between the parties wherein the
plaintiff applied to the defendant for information as to the
location of school land of the state of California open to entry
which he desired to acquire. The defendant was a real es-
tate dealer who advertised himself as dealing in school lands
and expert in advising and aiding persons who desired to
purchase such lands. The plaintiff was a foreigner, speak-
ing English but brokenly and wholly ignorant of the land
laws of California relating to school lands. The defendant,
upon plaintiff's application to him, represented that he knew
the location of a section of school land open to entry which
he described as quite desirable, and further represented that
he had personally been upon the land and had taken the
necessary preliminary steps to obtain title thereto under the
sections of the Political Code applicable to the purchase of
school lands and had paid the first filing fee of $25, and that
he would proceed as the plaintiff's agent to do or have done
the things necessary to acquire the title to said land. The
plaintiff engaged him so to do and at his instance signed,
without reading the same, the formal application and affi-
davit for the purchase of said land which the defendant had
prepared and presented to him for signature. He also trans-
ferred to the defendant his equity in a house and lot in Los
Angeles which was to be the consideration to be paid for the
defendant's advice and services. The plaintiff's applica-
tion and affidavit were duly filed in the office of the surveyor,
but when the plaintiff came to prove up on the land, as re-
quired by law, his application to purchase the same was re-

fused, for the reason that it developed that he had not taken the proper steps with regard to going upon the land prior to his application to purchase, as required by the statute. Thereupon he brought this action. The foregoing facts were stated in the plaintiff's complaint and testified to by him upon the trial. The defendant had filed a demurrer, which being overruled, he answered denying that he had misled the plaintiff or had failed to perform the services for which he had received the transfer of the plaintiff's equity in the Los Angeles property. At the inception of the trial the defendant insisted that the plaintiff's complaint was indefinite, in that it could not be determined whether he was seeking to recover damages for the breach of a contract or for false and fraudulent misrepresentations, and that he should be limited in his proofs to one or the other cause of action. The court at first seemed to incline to this view and required the plaintiff to elect between the two alleged causes of action, but later allowed him to prove the entire transaction as alleged in his complaint. The appellant alleged this as error, but it is evident that the later view of the court was the correct one, defendant not having by his demurrer objected to the plaintiff's pleading upon the grounds stated at the trial. The appellant further contends that the evidence does not support the findings of the court as to the defendant's alleged misrepresentations in relation to the condition and value of the school land, but in this regard the plaintiff testified fully upon all of these matters and the trial court was entitled to accept this version of the transaction. As to the appellant's claim that the plaintiff should not recover for the reason that after he had entered into the transaction he had gone upon the section of school land and had seen that it was not as represented, and had nevertheless gone ahead with his attempt to prove up upon it, this claim has no merit, since the plaintiff does not found his claim for damages upon this misrepresentation alone, but upon his failure to procure said land because the defendant had misled him as to the proper steps to be taken to perfect his right to purchase it from the state. In respect to this phase of the case, the appellant urges that the plaintiff is seeking to found his right of recovery upon his own wrong, in this, that it was his duty to have read the affidavit and application to purchase, which he signed, and that if he had done so he would

have discovered that he had not done the things which he therein stated had been done in order to set in motion his right to purchase the land. This contention is also without merit. The relation between the plaintiff and the defendant was a confidential one. The plaintiff was entitled to rely upon the defendant as his agent in the matter of signing without reading the papers which the latter had prepared and presented for his signature. The case of *Calmon v. Sarraille,* 142 Cal. 638, [76 Pac. 486], is precisely in point in holding that as between parties occupying the confidential relation of principal and agent the former is entitled to rely upon the statements of the agent without reading before signing the papers which the latter prepares and presents for his signature. The final contention of the appellant is that the court erred in adopting as its basis for the plaintiff's damages the value of his equity in the Los Angeles lot instead of the value of the school lands which the plaintiff failed to obtain. We think the defendant was rather benefited than injured by this error, if error it was, since the plaintiff's testimony was to the effect that the defendant had represented said section of school land to be of the value of six thousand four hundred dollars, whereas in fact it was not worth in excess of one-tenth of that sum. The court took the view that the measure of the plaintiff's damages was what he had actually lost by the transaction, since he had not paid anything for and had not received the school land. The court, therefore, took the value of the plaintiff's equity in the lot which he had transferred to the plaintiff, and finding this equity to have been worth four hundred dollars, deducted therefrom the sum of $25, which the proof showed the defendant had paid as the preliminary fee for the school land purchase, and gave the plaintiff judgment for the sum of $375. In so doing it committed no error of which the appellant can complain.

Judgment affirmed.

Victor E. Shaw, J., *pro tem.,* and Sloss, J., concurred.