[L. A. No. 20723. In Bank. Mar. 4, 1949.]

JOHN E. SAVAGE, Respondent, v. RUDOLPH W. MAYER, Appellant.

Oliver O. Clark and Robert A. Smith for Appellant.

A. S. Goldman and Charles I. Rosin for Respondent.

GIBSON, C. J.—This is an appeal from a judgment for plaintiff in the amount of $26,400, found to have been wrongfully retained by defendant as secret profits while acting in a fiduciary capacity.

Plaintiff was introduced to defendant in October, 1944, and after several meetings, primarily of a social nature, defendant asked if plaintiff would be interested in forming a group to undertake the management of a certain corporation by purchasing a controlling interest in its stock. Defendant explained that he knew a man named Gentles who owned 12,000 shares of the stock and that if defendant and plaintiff together would purchase another 12,000 shares the three would be in a position to bargain with the persons then controlling the corporation. Plaintiff agreed to the plan, and at a meeting in Los Angeles, in which plaintiff was introduced to Gentles, the latter agreed to join them. It was arranged that defendant should go to San Francisco and, with the assistance of Gentles, purchase the necessary shares on the stock exchange at the market price. Plaintiff and defendant were each to take one-half of the stock so purchased.

A few days later defendant informed plaintiff that 6,000 shares had been procured through the San Francisco Stock Exchange at $20 a share, which he said was the lowest quotation he could get. Defendant told plaintiff that 3,000 of these shares, which he had bought for him, were being held by a Los Angeles bank. The shares were accompanied by a draft drawn in defendant's favor for $60,000, and

plaintiff, believing that defendant had procured the shares for him at that price, paid the draft and took delivery of the stock. About one week later defendant informed plaintiff that Gentles had been able to procure an additional 6,000 shares for them at $20 a share, and that 3,000 of these shares had been purchased for plaintiff and were being held by the bank. Plaintiff took delivery of this stock, paying a second draft for $60,000 drawn in defendant's favor. Several weeks later defendant told plaintiff that he had found that the persons then in control of the corporation were unwilling to deal with them while Gentles was "in the picture" and that it would be necessary for plaintiff and defendant together to take half of Gentles' stock at $20 a share. Defendant said that other interests would purchase the remainder of Gentles' stock. Plaintiff thereafter sent $60,000 to defendant with which to buy 3,000 shares of Gentles' stock on his behalf.

The representations made by defendant to plaintiff regarding the manner in which he obtained the stock were false. None of the shares was obtained through the stock exchange, but instead, all of the 9,000 shares which plaintiff purchased were secured by defendant from Gentles upon the representation that the venture had been abandoned. Gentles received only $17 per share from defendant who paid for the stock out of the funds sent by plaintiff to cover the supposed purchases at $20 per share. Defendant kept the difference between the price paid by plaintiff and the amount received by Gentles.

The trial court found that defendant was plaintiff's agent, that he fraudulently misrepresented the transaction to plaintiff, and that he retained the sum of $26,400 belonging to plaintiff, which sum was the difference between the cost of the stock and the price paid for it by plaintiff, less $600 expended by defendant on plaintiff's behalf in making the purchases. The evidence clearly supports the findings of the trial court.

It is defendant's contention that plaintiff's recovery is limited by section 3343 of the Civil Code* to the difference between the market value of the stock and the price paid by

*Section 3343 of the Civil Code reads: "One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction. Nothing herein contained shall be deemed to deny to any person having a cause of action for fraud or deceit any legal or equitable remedies to which such person may be entitled."

him, and that since no showing was made of the value of the stock at the time it was purchased, plaintiff was not entitled to recover anything.

An agent, however, is not permitted to make any secret profit out of the subject of his agency. (*Langford* v. *Thomas,* 200 Cal. 192, 198-199 [252 P. 602]; *Shaw* v. *Shaw,* 160 Cal. 733, 737, 739 [117 P. 1048]; *Calmon* v. *Sarraille,* 142 Cal. 638, 641-642 [76 P. 486]; *King* v. *Wise,* 43 Cal. 628, 634; *Thompson* v. *Stoakes,* 46 Cal.App.2d 285, 289-290 [115 P.2d 830]; see Civ. Code, §§ 2322, subd. 3, 2238; Rest., Agency, §§ 387, 388; 1 Mechem, Agency [1914], §§ 1224-1226.) All benefits and advantages acquired by the agent as an outgrowth of the agency, exclusive of the agent's agreed compensation, are deemed to have been acquired for the benefit of the principal, and the principal is entitled to recover such benefits in an appropriate action. (Mechem, Agency [1914], § 1225; Rest., Agency, § 403.) In the absence of special circumstances, moneys received by one in the capacity of agent are not his, and the law implies a promise to pay them to the principal on demand. (*De Leonis* v. *Etchepare,* 120 Cal. 407, 409-410 [52 P. 718]; see also *Oil Well Core Drilling Co.* v. *Barnhart,* 20 Cal.App.2d 677 [67 P.2d 696]; 1 Mechem, Agency [1914], § 1342.) It follows that the principal's right to recover does not depend upon any deceit of the agent, but is based upon the duties incident to the agency relationship and upon the fact that all profits resulting from that relationship belong to the principal. Thus section 3343 of the Civil Code, which provides the measure of damages in a suit based upon fraud in the sale or exchange of property, does not operate to limit a principal's recovery to those damages even though the profits may have been acquired through fraudulent representations to him. (*Adams* v. *Harrison,* 34 Cal.App.2d 288, 299-300 [93 P.2d 237]; see also recent cases which allowed full recovery of secret profits without discussing section 3343: *Kinert* v. *Wright,* 81 Cal.App.2d 919 [185 P.2d 364]; *Thompson* v. *Stoakes,* 46 Cal.App.2d 285 [115 P.2d 830]; *Schwarting* v. *Artel,* 40 Cal.App.2d 433 [105 P.2d 380].)

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.