[Civ. No. 16809. Second Dist., Div. Three. Sept. 19, 1949.]

THE PETROL CORPORATION (a Corporation), Appellant,
v. JOHN W. CHARTRAND, Respondent.

Orris R. Hedges and Monta W. Shirley for Appellant.

Edward Flam and Derthick, Cusack & Ganahl for Respondent.

WOOD, J.—Defendant objected to the introduction of any evidence upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action. The objection was sustained, and judgment was entered in favor of defendant. Plaintiff appeals.

The amended complaint alleged that on January 15, 1945, plaintiff and defendant entered into a written contract which was as follows:

"CHARTRAND'S TRAFFIC SERVICE

| John W. Chartrand | 2310 Sixth Avenue | Tank-Car Rentals |
| Traffic Counsel | Los Angeles 16 | and Management |
| | | January 15, 1945 |

The Petrol Corporation,
4020 Bandini Blvd.
Los Angeles 23, Calif.

Gentlemen:

This is to confirm our conversation today with Mr. Gollands in which you engaged our services to keep busy your leased

tank cars for ten percent (10%) of mileage credits earned by your cars under our direction. We shall undertake to manage and direct your cars so that:

(a) You shall have available suitable and sufficient cars as promptly as practicable after reasonable notice to protect your asphalt loadings.

(b) Your cars when not required for your own use shall be operated to obtain for you as much mileage credits as practicable.

We further shall undertake to:

(a) Maintain satisfactory cooperation and relations with O.D.T.

(b) Cover your empty movements with Bs/L and Release Notices.

(c) Make declarations in good season to owners of cars entitled to 1-½¢ per mile.

(d) Report to owners promptly all movements of your cars, and

(e) Audit mileage credits and follow-up where necessary to see that you receive all credits earned.

To avoid unnecessary accounting we will render monthly invoice based on mileage credits as allowed by car owners. Thus, for January service we shall render invoice Feb. 28th, payable by March 10th.

Your acceptance by endorsement and return of duplicate hereof shall constitute agreement effective Jan. 15, 1945 and continuing in force for ninety days thereafter unless sooner terminated upon thirty days written notice by either party.

ACCEPTED:
THE PETROL CORPORATION
By HAROLD R. PAULEY

Yours very truly,
J. W. CHARTRAND''

It was further alleged therein that plaintiff performed all obligations required of plaintiff on account of the contract; pursuant thereto plaintiff delivered to defendant, and defendant took possession of, the tank cars mentioned in said contract; the possession of said cars was delivered to defendant ''only and pursuant'' to said contract; that under and pursuant to the terms of said contract said defendant became and was the agent of plaintiff, and acted for and in behalf

of plaintiff herein in the operation and management of plaintiff's said tank cars.

It was further alleged therein as follows: ''That at all times herein mentioned, there was a serious shortage of tank cars throughout the United States; . . . that defendant herein, intending to cheat and defraud the plaintiff herein, and intending to make a secret profit, made charges to persons to whom said defendant rented the said cars, at prices over and above the mileage charges authorized by plaintiff and agreed to by defendant herein, exacted by defendant from the users of plaintiff's said tank cars, as a bonus for diverting the cars to their use; that said defendant did not report such charges or bonuses to plaintiff herein, and did not account to, nor forward to plaintiff, such sums so collected; that . . . said defendant, in this fashion, collected sums in excess of Ten Thousand Dollars ($10,000.00) over and above the mileage credits earned by plaintiff's tank cars under direction of defendant herein, all of which defendant retained and still retains; all of which was without the knowledge or consent of plaintiff herein and against the will of plaintiff herein.''

It was also alleged therein that although demand has been made upon defendant for an accounting of said sums the defendant has refused and neglected to account to plaintiff, and that there is due, owing and unpaid from defendant sums amounting to approximately $10,000, the exact amount of which cannot be ascertained without an accounting.

For a second cause of action it was alleged in the amended complaint that within four years last past, in Los Angeles, California, the defendant became indebted to plaintiff in the sum of $10,000 for and on account of money had and received by the defendant for the use and benefit of plaintiff; that although demand has been made upon the defendant for the payment of such sum, no part thereof has been paid, and the whole thereof is due and unpaid from defendant to plaintiff.

In said complaint plaintiff prayed that defendant be required to account for all money received by defendant for the use or rental of plaintiff's said cars; that the amount due plaintiff be determined by said accounting; and that plaintiff have judgment for such amount found to be due, and for costs and further relief.

Respondent contends that the allegation of the amended complaint that defendant made charges at prices over and above the mileage charges does not allege any wrongdoing on respondent's part. He argues, in support of that con-

tention, that since appellant has explained in his brief the meaning of the expression "mileage credits," and since such credits were the only earnings in which appellant had an interest under the contract, and since the contract made no provision relative to charges to the users of the cars, the charges which respondent made to those who used the cars were not "over and above" the mileage credits. He asserts that those charges were made either for the use of the cars or for traffic services rendered by respondent and were not over and above any agreed charge. The question here is whether the complaint stated a cause of action, and of course statements in the briefs of purported facts regarding the meaning of "mileage credits" or regarding the purposes for which respondent made charges to the users of the cars are immaterial. It is alleged in the amended complaint in substance that defendant, intending to cheat and defraud plaintiff and to make a secret profit, made charges "at prices over and above the mileage charges authorized by plaintiff and agreed to by defendant," and at prices exacted by defendant from the users of the cars "as a bonus for diverting the cars to their use." Upon a trial it might be shown that, according to custom or usage in the kind of business involved here, or according to an agreement of the parties hereto, those words "mileage credits," as used in the written agreement herein, had such a well understood meaning that it could be definitely ascertained whether respondent made charges "over and above" those credits. Under respondent's objection to the introduction of any evidence, the allegations of the amended complaint which are well pleaded are to be regarded as true. The allegation that respondent charged the users of the cars a bonus for diverting the cars to their use is to be regarded as true. Also, according to the amended complaint, the respondent agreed to obtain for appellant as "much mileage credits" as practicable. The charging of a bonus for the privilege of using appellant's cars would tend to limit the use of the cars and consequently would tend to prevent appellant from receiving mileage credit, and it therefore would be wrongdoing on the part of appellant.

Even though wrongdoing on the part of respondent was alleged, a question arises as to whether a cause of action for the recovery of secret profits was stated. Respondent asserts that such a cause of action was not stated for the reason the amended complaint did not show that the relationship of

principal and agent existed between the parties. He argues that the contract set forth therein shows that respondent was an independent contractor. It was alleged that under the terms of the contract the respondent was the agent of appellant. That allegation, however, standing alone, is not conclusive that respondent was such agent. It is necessary to consider that allegation in connection with the provisions and the subject matter of the contract and the circumstances under which the contract was made. It cannot be said, as a matter of law, from a consideration of the provisions of the contract, that the relationship of principal and agent did not exist between the parties. The contract herein provided that it might be terminated by either party. Such a provision in a contract is an important factor indicating the existence of the relationship of principal and agent. (*Anderson* v. *Badger,* 84 Cal. App.2d 736, 741 [191 P.2d 768].) Also, according to the provisions of the contract, the full control of all the cars was not given to respondent. Appellant had the right, after reasonable notice to respondent, to use its own cars. Appellant engaged respondent's services "to keep busy" the cars of appellant, which were not required for appellant's use, so that those cars would earn for appellant as much mileage credit, at 1½ cents per mile, as practicable; and for such services respondent was to receive 10 per cent of the mileage credits. There was no provision in the contract that respondent should receive any additional compensation for its services, and there was no provision therein that he was permitted to make any charge as a bonus or otherwise for diverting the cars to the use of anyone, or that he was permitted to make a charge for the use of the cars. There was a serious shortage of tank cars throughout the United States, as shown by the amended complaint. It is to be assumed therefore that the services of respondent were not engaged for the mere purpose of finding persons who needed the use of tank cars. Presumably, from the provisions of the amended complaint, the principal service which appellant desired to obtain from respondent was that respondent should keep the accounts in connection with the operation of the cars, and that he should direct the operation of the cars in such a manner that appellant would have a sufficient number of cars available for its own use, and that the cars not in use by appellant would earn as much mileage credit as practicable. Upon a trial appellant would be entitled to show the circumstances under which the contract was made. From a consideration of the provisions of the contract in con-

nection with such circumstances, it might be determined that the respondent was the agent of appellant. An agent "is not permitted to make any secret profit out of the subject of his agency." (*Savage* v. *Mayer*, 33 Cal.2d 548, 551 [203 P.2d 9].) It cannot be determined as a matter of law from the amended complaint that respondent was an independent contractor.

As above stated, the amended complaint alleged that the respondent, intending to cheat and defraud the appellant and to make a secret profit, made charges over and above the mileage charges authorized and agreed upon. It appears that the trial judge was of the opinion that a cause of action was not stated for the reason, among others, that the allegation regarding fraud pertained to something that occurred after the contract was made, and that it was not alleged that there was fraud on the part of respondent at the time of entering into the contract. In *Savage* v. *Mayer, supra,* it was said at page 551: "[T]he principal's right to recover does not depend upon any deceit of the agent, but is based upon the duties incident to the agency relationship and upon the fact that all profits resulting from that relationship belong to the principal."

The judgment is reversed. The purported appeal from the order sustaining the objection to the introduction of any evidence is dismissed.

Shinn, P. J., and Vallée, J., concurred.