## Samuel P. Brown, Plff. in Err., v. John Neithammer.

A woman's husband cannot sue for her personal estate after her decease, otherwise than as administrator.

(Decided March 15, 1886.)

Error to the Common Pleas of Berks County to review a judgment for defendant in an action of replevin. Affirmed.

This action was brought by Samuel P. Brown to recover certain goods and chattels, the property of his deceased wife, Kate, who died intestate, without children, on January 18, 1883. Plaintiff sued in his own name and right without taking out letters of administration upon his deceased wife's estate.

At the conclusion of plaintiff's testimony, on the trial, defendant moved for a nonsuit, on the ground that plaintiff had shown no property or right of possession in himself. The motion was overruled by the court, intimating that the substance of it might be embodied in a point to be submitted, and that the point would be reserved. This was accordingly done.

A verdict was directed for plaintiff, and a rule for judgment *non obstante veredicto* entered, based upon the point reserved. The point was subsequently affirmed by the court, the rule for judgment *non obstante* made absolute, with exception for plaintiff, and judgment entered for defendant.

To this judgment this writ is taken.

*Richmond L. Jones* for plaintiff in error.

*G. A. Endlich* for defendant in error.

Per Curiam:

The court did not commit any error in entering judgment in favor of the defendant *non obstante veredicto*. When a married woman dies intestate, her personal estate should be distributed through administration. It is true her husband is first entitled to letters of administration on her estate. As such administrator only can he sue for her personal estate. If she leave no children and after all her debts if any are paid, then the residue of her personal estate may be, on distribution, allotted to him. It follows that he cannot sue for her personal chattels otherwise than as her administrator.

The learned judge therefore correctly held that this action of replevin could not be maintained.

Judgment affirmed.