## Couch, Appellant, v. Thompson.

*Appeals—Equity—Findings of fact.*

1. The findings of fact of a chancellor, based on evidence and approved by the court below, will be accepted as correct by the Supreme Court.

*Decedents' estates—Claims for property—Executors and administrators—Agreement as to distribution.*

2. Ordinarily the only party who can compel the surrender of personal property which had belonged to a decedent, or recover its value from one wrongfully retaining it, is the executor or administrator of the estate, but a different conclusion might be reached in cases where those entitled to such property, by the will or under the intestate laws, have agreed to its distribution without administration, or the statutes of limitation clearly bar the claims of all of decedent's possible creditors, even though founded on instruments under seal.

*Attorneys-at-law—Misconduct—Duty to court.*

3. In the absence of his adversary, counsel in a pending case cannot be too careful to avoid even the slightest appearance of endeavoring to influence the court.

Argued April 18, 1928.  Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 155, Jan. T., 1928, by plaintiff, from decree of C. P. No. 3, Phila. Co., Dec. T., 1926, No. 12852, dismissing bill in equity, in case of Gertrude T. Couch v. Ann M. Thompson.  Affirmed.

Bill to enforce alleged ex maleficio trust.  Before Davis, J.

The opinion of the Supreme Court states the facts.
Bill dismissed.  Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Robert P. Shick,* for appellant.

*C. L. Walker,* with him *Daniel W. Simkins,* for appellee.

Opinion by Mr. Justice Simpson, May 7, 1928:

The bill in equity in this case avers that plaintiff and defendant are sisters, the only heirs and next of kin of their father, who deeded to defendant, for a nominal consideration, a valuable property in fee simple; that at the time of the conveyance their father was well advanced in years, suffering in mind and body, and in great fear of becoming financially embarrassed; that while the grant was "in form a deed of gift, it was not in fact a gift, but was intended......merely to vest the legal title in......defendant......in trust for...... the grantor [to] maintain and manage the same for him during his lifetime, and after his death to divide and share the value of such property equally" with plaintiff, and was so understood and accepted by defendant, who nevertheless refuses to recognize the trust and claims to be the sole owner of the property.  It also avers that plaintiff and defendant are each entitled "to an undi-

vided one half part......of the personal property, in the form of a mortgage, life insurance policies and other securities, of which decedent was possessed at the time of his death; and that the said defendant......has refused to acknowledge the right of your orator to her interest in [such] property, or to account for her share therein."

The answer admits the relationship of the parties and the age of their father, but denies the other averments of the bill.

So far as concerns the realty, the trial judge found as facts that though the father was seventy-six years of age at the time he executed the deed to defendant, he was then possessed of a strong vitality and had great determination of character, was in full possession of his faculties and aware of what he was doing; that plaintiff was at once notified of the conveyance, but took no step in the matter during the lifetime of the father, which continued for two and a half years thereafter; that she had lived in Colorado for twenty-seven years, had a husband and family of her own, rarely visited her father and never contributed to his support or the upkeep of his home, while defendant lived with him, cared for him and contributed largely to his support and the maintenance of the home; that the grant was intended to be a gift to defendant, and not in trust, and that decedent understood it to be so when he made it, afterwards referred to it as a gift, and with it, as a gift, was perfectly satisfied. The trial judge decided that as plaintiff failed to establish the alleged trust upon which she relied for recovery, her bill should be dismissed, and this conclusion the court in banc approved. There was ample evidence to sustain each of those findings of fact, and we must therefore accept them as correct: Kaufmann's Est., 281 Pa. 519; Kern v. Smith, 290 Pa. 566. This being so, and the only assignments of error regarding the evidence having reference to the personal property and not to the conveyance of the realty, we are

obliged to affirm the decree dismissing the bill as to the latter.

The trial judge found against plaintiff as to the former also, and the court in banc likewise approved this conclusion. It is not necessary, however, to consider the assignments of error which relate to it, for no trust is alleged as to it, and the creditors, if any there are, have not lost their claims by lapse of time; hence, if defendant is improperly retaining it, the only party who can compel its surrender or recover its value is a duly appointed administrator of decedents' estate: Brown v. Neithammer, 2 Sadler 54. A different question would have arisen if there had been an agreement of distribution between plaintiff and defendant, or if the statute of limitations clearly barred the claims of possible creditors, even though founded on instruments under seal: Walworth v. Abel, 52 Pa. 370; McLean's Executors v. Wade, 53 Pa. 146; Bacon's Est., 202 Pa. 535, 553; Blodgett's Est., 254 Pa. 210, 213-214. As to this point, therefore, the decree of dismissal was likewise correct.

Reference should be made to one other subject. During the trial, in a matter having no connection with the conveyance of the realty, plaintiff's counsel said, "I demand the production of the check books" from which a certain account was prepared by defendant. A colloquy resulted which ended when the court said to defendant's counsel: "You may bring them to me." This was done without notice to plaintiff's counsel as to the time of their presentation. The latter should have been so apprised; in the absence of his adversary, counsel cannot be too careful to avoid even the slightest appearance of endeavoring to influence the court; but since, in the present instance, no harm could have resulted from what we are convinced was an unintentional error, we dismiss the complaint with a warning to be more careful in the future.

The decree is affirmed and the appeal dismissed at the cost of appellant.