Seidel's Estate.

Argued April 21, 1936. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Mercer B. Tate, Jr.,* of *Montgomery & McCracken,*
with him *R. Winfield Baile* and *Paul D. Edelman,* for
appellant.

*Samuel E. Bertolet,* with him *James Wilson Bertolet,* for appellee.

PER CURIAM, May 25, 1936:

Josephine C. Seidel, testatrix, died leaving a will. After making several specific bequests, she gave the residue to certain named charities, and provided that in the event the charitable bequests should be void by reason of her death within the statutory period, the residue should go to J. Wilmer Fisher, appellee, whom she named her executor. He was the attorney for testatrix, managed her business affairs for a great many years and drafted the will. Testatrix died within the thirty-day statutory period.

The court below found that the alternative gift was accepted by appellee without any understanding, promise or assent on his part to carry out the original wish of the testatrix, and that he consented to be named legatee only on condition that he have full power to use it as he desired without any trust or obligation whatsoever. It therefore awarded the residue to the executor in his individual capacity.

There is ample evidence to support the findings of the court below that appellee was named alternative legatee under the definite and express understanding that he should receive the gift outright and unencumbered by a trust. He met the burden of proof cast upon him by reason of his confidential relationship to testatrix by detailing precisely the circumstances attending the preparation and execution of the will, and by showing that testatrix had a complete understanding of its provisions. Testatrix had full testamentary capacity and the validity of the will is therefore presumed.

Since the findings of the court below are supported by sufficient evidence, they must be accepted as correct: *Couch v. Thompson,* 293 Pa. 237; *Kern v. Smith,* 290 Pa. 566; *Kaufmann's Est.,* 281 Pa. 519. The conclusions of law reached by the court below based on these

findings are in accord with the legal principles applicable.

Decree affirmed at appellant's cost.