### MUSANTE v. PLANTERS NUT & CHOCOLATE CO. et al.
### Civ. A. No. 4655.

United States District Court
Middle D. Pennsylvania.
Oct. 5, 1953.

Frank Lenahan, Jacob Shiffman, Wilkes-Barre, Pa., for plaintiff.

Matthew D. Mackie, Scranton, Pa., for defendants.

WATSON, C. J.

This action was originally commenced by Harry J. Musante as administrator of the estate of Louise Musante Obici. In his complaint plaintiff prayed for an accounting of certain shares of stock of the defendant corporation, all dividends, profits, and increments of such shares of stock, which dividends, profits, and increments Louise Musante Obici was entitled to, and other relief. The defendants moved the Court for summary judgment on the ground that the plaintiff, Harry J. Musante, lacked capacity to sue as administrator of the estate of Louise Musante Obici for the reason that his letters of administration had been revoked by the Register of Wills of Luzerne County, Pennsylvania. This action of the Register of Wills was affirmed by the decree of the Orphans' Court of Luzerne County and the decree of the Orphans' Court was affirmed by the Supreme Court of Pennsylvania.

After a hearing on said motion for summary judgment and before disposition by the Court, plaintiff amended his complaint under Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C. The plaintiff amended the caption of his complaint to read "Harry J. Musante" in place of "Harry J. Musante, Administrator of the Estate of Louise Musante Obici, Deceased". The defendants again moved the Court for summary judgment. These motions are now before the Court for disposition.

By the amendment plaintiff is attempting to bring the action in his own name as an heir at law of Louise Musante Obici rather than as personal representative of the estate of Louise Musante Obici. The defendants contend inter alia that the plaintiff, Harry J. Musante, cannot maintain this action as an heir at law of Louise Musante Obici.

Legatees and next of kin may not maintain actions for the collection of the personal estate of a decedent. Only the personal representative may institute such a suit. Couch v. Thompson, 293 Pa. 237, 142 A. 280. It is true, however, that if the statute has barred the claims of creditors, and the parties have by family settlement agreed upon the distribution of the estate among themselves, they may maintain actions for the collection of assets of the estate. However, such has not been alleged by the plaintiff in his complaint or amended complaint, nor has he alleged that he is the only heir of Louise Musante Obici. This action may not be brought by Harry J. Musante in his individual name as an heir of Louise Musante Obici.

For the reasons stated in this opinion and for other reasons which appear from an examination of the record in the case, the motions for summary judgment will be granted and judgment will be entered for the defendants.